**Erie CROWDER, Plaintiff,**

v.

**COLART CORPORATION, Defendant.**

**No. 76–C–667.**

United States District Court,
E. D. Wisconsin.

Aug. 24, 1979.

---

Emma J. Miller, Miller & Associates, Milwaukee, Wis., for plaintiff.

Foley & Lardner by Stanley S. Jaspan and Carolyn C. Burrell, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In an order dated August 17, 1979, I ordered the Equal Employment Opportunity Commission (EEOC) to submit for in camera inspection by the court those portions of three case files which the EEOC had refused to turn over to the plaintiff in this case. The three case files all involved charges filed by the plaintiff with the EEOC which were subpoenaed by the plaintiff for the trial of this case. The case is presently before me on the EEOC's motion to quash the subpoena.

My examination of the files in question is guided by the recent decision of the court of appeals for this circuit in *Burlington Northern, Inc. v. Equal Employment Opportunity Commission*, 582 F.2d 1097 (7th Cir. 1978), cert. denied, —— U.S. ——, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979). The court in that case stated that once a private Title VII suit has been instituted, charging parties "are entitled to the investigative material to the degree it is directly relevant to their individual charges of discrimination." Id. at 1101.

With one exception, the documents withheld by the EEOC and submitted to the court for in camera inspection are internal memoranda which would have no probative value to the plaintiff's charges in this case. The exception is a written statement submitted by one of the plaintiff's co-workers. This statement clearly indicates that the witness wished to keep the information submitted confidential.

In *Burlington Northern*, at 1099, the court expressly found that Congress intended the EEOC to be the primary enforcement mechanism for Title VII. It therefore declined to allow disclosure of information to private litigants which would undermine the EEOC's performance of its duties. In the instant case, a party has submitted information to the EEOC on a confidential basis. If the court were to require such information to be disclosed, people might be deterred from cooperating in EEOC investigations. It follows that the EEOC's ability to conduct investigations would be hampered if it were not permitted to withhold from public disclosure documents submitted to it confidentially.

I believe that the EEOC has sufficiently complied with the plaintiff's request for documents by turning over the investigative report. It will not be required to turn over the documents examined by the court in camera inspection.

Therefore, IT IS ORDERED that the motion of the EEOC to quash the subpoena served on Wesley Harry on May 17, 1979, be and hereby is granted.

IT IS ALSO ORDERED that the EEOC may withdraw the documents submitted to the court for in camera inspection.